[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter, the plaintiff seeks to recover from the defendant carrier over and above the tortfeasor's policy limits, claiming underinsured motorist coverage. The defendant concedes liability but claims the payment to date of $25,000.00 is adequate compensation.
The defendant offered no evidence to rebut the plaintiff's claims of a permanent partial disability and a loss of his ability to engage in the various activities he enjoyed before the accident, The defendant did have an independent medical examination of the plaintiff but the examining physician did not testify nor is his report available to the court.
The plaintiff sought treatment some three and a half weeks after the accident and between 1991 and 1997 he incurred bills totalling $6,130.00,[1] all at the hands of his treating chiropractor. Though there was a single visit to a neurologist, he assessed no permanency and his findings were unremarkable. His bill was $295.00. Though a previous back injury was admitted, the plaintiff claims a complete recovery from this episode and no contradicting evidence was presented.
The court is presented with the plaintiff's recitation of numerous painful episodes, some disabling, right up to the present time. He also describes his inability to perform other tasks without experiencing extreme pain. This, he claims, necessitated his intensive and sustained need for treatment.
Despite this history, the court is somewhat puzzled by his ability to use a medium duty chain saw to cut firewood and to split heavy logs. These activities seem inconsistent with the diagnosed disabilities — 7.5% of the neck and 10% of the low back. Also, this opinion was rendered in October 1992, prior to the plaintiff's removing to New Hampshire where he has adopted a lifestyle which includes the above-mentioned outdoor activities along with gardening, lawn care and snow removal, albeit the latter via a blower.
It is the conclusion of the court that an award of $5,500.00, in addition to collateral payments, represents a fair and equitable award of damages. Judgment may enter in favor of the CT Page 10473 plaintiff in that amount.
Anthony V. DeMayo Judge Trial Referee